Opinion issued April
12, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-12-00199-CR

____________

 








LAJUAN CECILE BAILEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1212467

 

 



MEMORANDUM
OPINION








          Appellant,
Lajuan Cecile Bailey, pleaded guilty to the felony offense of fraudulent use of
identifying information, pursuant to an agreed punishment recommendation of
confinement for two years.  The trial
court found appellant guilty and, in accordance with the terms of appellant’s
plea agreement with the State, sentenced appellant to confinement for two
years.  Appellant filed a notice of
appeal.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  The record supports the
trial court’s certification. See Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we
must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley
and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).